**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GARRETT MILLER,** | : | |
| | : | |
| Plaintiff, | : | **CIV. ACTION NO.** |
| | : | |
| v. | : | |
| | : | **COMPLAINT** |
| **TOWNSHIP OF HAMPTON,** | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

## <u>COMPLAINT</u>

Plaintiff, Garrett Miller, by and through his undersigned counsel, The Lacy Employment Law Firm, LLC, brings this action against Defendant, Township of Hampton, and in support thereof avers as follows:

### I. NATURE OF THE ACTION

1.      This is an action for disability discrimination in hiring brought under Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. (the "ADA"). The Township of Hampton refused to interview or hire Plaintiff because it regarded him as disabled and because he had accepted a disability pension, without conducting any individualized assessment of his ability to perform the essential functions of the position for which he applied.

### II. THE PARTIES

2.      Plaintiff, Garrett Miller, is an adult individual residing at 2573 Elgro Rd, Gibsonia, PA 15044, in Allegheny County.

3.      Defendant, Township of Hampton (the "Township"), is a Pennsylvania municipal corporation and second-class township with a principal place of business located at 3101 McCully Road, Allison Park, Pennsylvania 15101, in Allegheny County.

4.      At all times material hereto, the Township employed twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and otherwise satisfied the definition of an "employer" under the ADA, 42 U.S.C. § 12111(5).

5.      At all times material hereto, the Township acted by and through its agents, servants, and employees, each of whom acted within the course and scope of their employment and under the direct control of the Township.

### III. JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, because this action arises under the laws of the United States, specifically Title I of the ADA, 42 U.S.C. § 12101 et seq.

7.      This Court has jurisdiction to grant the declaratory and injunctive relief requested pursuant to 28 U.S.C. §§ 2201 and 2202.

8.      Venue is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because the Township resides in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

9.      Venue is further proper under 42 U.S.C. § 2000e-5(f)(3), as incorporated by 42 U.S.C. § 12117(a), because the unlawful employment practice was committed within this judicial

district, the relevant employment records are maintained within this judicial district, and Plaintiff would have worked within this judicial district but for the unlawful conduct alleged herein.

10. Assignment to the Pittsburgh Division is appropriate because the events giving rise to this action occurred in Allegheny County.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. On December 20, 2023, Plaintiff filed a verified Charge of Discrimination against the Township, which was dual-filed with the United States Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").

12. The Charge was assigned EEOC Charge No. 533-2024-00718 and PHRC Case No. 202316999.

13. The Charge was timely filed within three hundred (300) days of the unlawful employment practice, as required by 42 U.S.C. § 2000e-5(e)(1), as incorporated by 42 U.S.C. § 12117(a).

14. On July 14, 2026, the United States Department of Justice, Civil Rights Division, Disability Rights Section, issued Plaintiff a Notice of Right to Sue under Title I of the ADA with respect to EEOC Charge No. 533-2024-00718. A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit A.

15. This Complaint is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue and is therefore timely.

16. Plaintiff has satisfied all conditions precedent and has exhausted his administrative remedies under the ADA with respect to the claims asserted herein.

### V. FACTUAL BACKGROUND

17.     Plaintiff is a qualified individual with a disability within the meaning of the ADA, 42 U.S.C. § 12111(8).

18.     Plaintiff previously sustained an injury in the course of his prior employment with the City of Pittsburgh, as a result of which he accepted a disability pension from the City of Pittsburgh.

19.     Notwithstanding that injury, Plaintiff is able to perform the essential functions of skilled labor and commercial driving positions, with or without reasonable accommodation.

20.     At all times material hereto, Plaintiff has been continuously and successfully employed as a Commercial Driver's License ("CDL") Driver Laborer with the McCandless Township Public Works Department, a position substantially similar to the position for which he applied with the Township.

21.     Plaintiff has an unblemished disciplinary record in his current employment. In his prior public-safety career, Plaintiff received multiple accommodations and life-saving awards.

22.     The Township itself publicly recognized Plaintiff for saving the life of a referee who collapsed at a youth football game, where Plaintiff administered cardiopulmonary resuscitation until the individual regained consciousness. Plaintiff received that award from the Township at a public council meeting.

23.     Plaintiff applied for an open position with the Township of Hampton that was substantially similar to his current CDL Driver Laborer role.

24.     Plaintiff was qualified for the position for which he applied.

25.     After a period passed with no response, Plaintiff contacted the Township to inquire why he had not been granted an interview.

26.     Plaintiff spoke with Susan Bernet, the Township's Assistant Township Manager.

27.    Ms. Bernet advised Plaintiff that a three-person panel had reviewed his resume.

28.    Ms. Bernet further advised Plaintiff that the most noticeable item on his resume was that he had accepted a disability pension from the City of Pittsburgh, and that all three members of the panel agreed on this point.

29.    The Township declined to extend an interview or an offer of employment to Plaintiff because of his disability and his acceptance of a disability pension, which the Township regarded as evidence of a disability.

30.    When Plaintiff asked Ms. Bernet why no one from the Township had contacted him to inquire further about the disability pension before rejecting his application, Ms. Bernet stated that the Township was not required to do so and thereafter ended the telephone call.

31.    The Township made no individualized inquiry into whether Plaintiff could perform the essential functions of the position, with or without reasonable accommodation, before rejecting his application.

32.    The Township regarded Plaintiff as having a physical impairment, and its rejection of Plaintiff's application was motivated by that perception.

33.    The Township's stated reason for declining to interview or hire Plaintiff—his disability pension—was not a legitimate, nondiscriminatory reason but was instead a direct reflection of unlawful disability-based bias.

34.    As a direct and proximate result of the Township's conduct, Plaintiff has suffered and continues to suffer lost wages, lost benefits, lost earning capacity, and other economic harm.

## VI. CAUSES OF ACTION

**COUNT I**: **Violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a)**
*Disability Discrimination in Hiring*
**(Plaintiff v. Township of Hampton)**

35.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

36.     The ADA prohibits an employer from discriminating against a qualified individual on the basis of disability in regard to the hiring of employees. 42 U.S.C. § 12112(a).

37.     Plaintiff is a qualified individual with a disability, has a record of a disability, and/or was regarded by the Township as having a disability, within the meaning of 42 U.S.C. § 12102.

38.     Plaintiff was qualified for the position for which he applied and was able to perform its essential functions, with or without reasonable accommodation.

39.     The Township refused to interview or hire Plaintiff because of his disability, his record of disability, and/or because it regarded him as disabled.

40.     The Township's articulated reason for rejecting Plaintiff—his acceptance of a disability pension—is direct evidence of disability discrimination and, alternatively, is a pretext for unlawful discrimination.

41.     The Township's conduct was intentional, willful, and undertaken with malice or reckless indifference to Plaintiff's federally protected rights under the ADA.

42.     As a direct and proximate result of the Township's unlawful conduct, Plaintiff has sustained the damages set forth herein.

**WHEREFORE**, Plaintiff, Garrett Miller, respectfully requests that this Court enter judgment in his favor and against Defendant, Township of Hampton, and award the following relief:

a.  A declaration that the Township's conduct violated the ADA;

b.  Back pay, lost wages, and lost benefits, together with prejudgment interest;

c.  Front pay and/or instatement into the position wrongfully denied to him;

d.  Compensatory damages, including damages for emotional distress, humiliation, and loss of life's pleasures, in an amount to be determined at trial;

e.  Punitive damages to the extent permitted by law;

f.  Reasonable attorneys' fees, expert fees, and costs of suit pursuant to 42 U.S.C. § 12205;

g.  An order requiring the Township to adopt lawful, nondiscriminatory hiring policies and to provide training to its personnel concerning disability discrimination; and

h.  Such other and further relief as this Court deems just and proper.

**COUNT II: Violation of the Americans with Disabilities Act *42 U.S.C. §§ 12112(a)***
***Unlawful Qualification Standard and "Regarded As" Discrimination***
**(Plaintiff v. Township of Hampton)**

43.  The preceding paragraphs are incorporated by reference as though fully set forth herein.

44.  The ADA prohibits an employer from using qualification standards, employment tests, or other selection criteria that screen out or tend to screen out an individual with a disability, unless the standard is shown to be job-related for the position in question and consistent with business necessity. 42 U.S.C. § 12112(b)(6).

45.  The Township relied exclusively upon Plaintiff's status as a disability-pension recipient—a characteristic bearing no demonstrated relationship to the essential functions of the position—as the basis for rejecting his application.

46.     The Township failed to conduct any individualized assessment of Plaintiff's ability to perform the essential functions of the position and refused to make any inquiry of Plaintiff before rejecting him on the basis of his perceived disability.

47.     Plaintiff was qualified to perform the essential functions of the role, with or without reasonable accommodation.

48.     By treating Plaintiff's disability pension as automatically disqualifying, the Township regarded Plaintiff as an individual with a disability and denied him employment on that basis, in violation of 42 U.S.C. §§ 12102(3) and 12112(a).

49.     As a direct and proximate result of the Township's unlawful conduct, Plaintiff has sustained the damages set forth herein.

**WHEREFORE**, Plaintiff, Garrett Miller, respectfully requests that this Court enter judgment in his favor and against Defendant, Township of Hampton, and award the relief set forth in the prayer for relief following Count I, above, which is incorporated herein by reference.

## DEMAND FOR JURY TRIAL

Plaintiff, Garrett Miller, hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted,

*/s/ Ethan P. Underwood, Esq.*
Ethan P. Underwood, Esq.
Austin D. Skelton. Esq.
Dated:  July 22, 2026                    **THE LACY EMPLOYMENT**
**LAW FIRM LLC**
3675 Market Street, Suite 200

Philadelphia, PA 19104
(t) 412-301-3908
Ethan@employment-labor-law.com
Austin.skelton@employment-labor-law.com

*Counsel for Plaintiff*